UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-22155-CIV-UNGARO

PAUL A. SVENSEN, JR.,

    Plaintiff,

v.

PARMIT SINGH PARMAR et. al.,

    Defendants.

_____/

## ORDER ON MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand, filed on August 19, 2008. (D.E. 5.) Defendant Merrill Lynch & Co., Inc. ("Merrill") filed its Response in Opposition on September 5, 2008. (D.E. 9.) Plaintiff's Reply in further support of his Motion was due on September 15, 2008. As Plaintiff has filed to file a Reply by such time, the Motion is now ripe for adjudication.

On July 3, 2008, Plaintiff filed his Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, alleging a variety of state law claims against Defendants. No federal causes of action are alleged. On July 31, 2008, Defendant Merrill filed a Notice of Removal of this matter alleging that "[r]emoval is proper pursuant to 28 U.S.C. § 1452(a) because this claim is related to a bankruptcy case arising under Title 11," specifically, the JetNetwork LLC bankruptcy proceeding that is ongoing in the U.S. Bankruptcy Court for the Southern District of Florida (08-11165-RAM). (D.E. 1 ¶¶ 4, 5.) Plaintiff filed the instant Motion to Remand on August 19, 2008, arguing that the Court lacks subject matter jurisdiction

over the action because this case is not related to the JetNetwork LLC bankruptcy or any other. (Pl.'s Mot. 2.)

Federal courts are courts of limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983). They may only hear cases that they have been authorized to hear by the U.S. Constitution or Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

28 U.S.C. § 1452(a) provides, in pertinent part, that "[a] party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[1] 28 U.S.C. § 1334(b) states, in pertinent part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." This matter clearly is not a case "arising under title 11." *See Robinson v.*

---

[1] 28 U.S.C. § 1452 provides in full as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United states Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United states under section 1254 of this title.

*Michigan Consolidated Gas Co. Inc.*, 918 F.2d 579, 583 (6th Cir. 1990) (case arising under title 11 is one where the "action [was] commenced in a federal district court or bankruptcy court with the filing of a petition pursuant to 11 U.S.C. §§ 301, 302, or 303."). Therefore, the issue before this Court is whether this matter is "related to" a title 11 case.

The Eleventh Circuit has adopted the following standard, first articulated by the Third Circuit, for determining whether or not a case is "related to" a bankruptcy proceeding: A civil proceeding is related to a bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). The *Toledo* court continued: "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Toledo*, 170 F.3d at 1345 (quoting *Pacor*, 743 F.2d at 994).

The Court concludes that the outcome of this matter as to the parties involved is simply not sufficiently "related to" the JetNetwork LLC bankruptcy to justify this Court exercising jurisdiction over this matter. *See In re Toledo*, 170 F.3d at 1345. JetNetwork LLC is not a party to this case. Further, although Plaintiff is a former employee of JetNetwork LLC, the claims that Plaintiff has brought against Defendants, which all arise under state law, are personal to him and have not been brought either against or on behalf of JetNetwork LLC.[2] As such, whether or not

---

[2] Defendant Merrill also argues that because it contends in its motion to dismiss that Plaintiff's claims actually belong to JetNetwork LLC, should this Court grant Defendant Merrill's motion to dismiss on such grounds, such ruling could conceivably create potential assets of the JetNetwork LLC estate. (*See* Def.'s Mot. 4 & n.2.) While it is true that several courts have found jurisdiction of a case "related to" a bankruptcy where the outcome of the

Plaintiff is successful in pursuing such claims could not conceivably have any effect on the Jet Network LLC bankruptcy proceedings, for the JetNetwork LLC estate would not be impacted if Plaintiff is able to collect damages or if any Defendant must pay damages to Plaintiff.  It is irrelevant that many of the Defendants are principals of JetNetwork LLC.  (*See* Def.'s Resp. 1-2.)  If any of these Defendants are found liable to Plaintiff, such Defendants will be liable to Plaintiff individually, which will not affect the JetNetwork LLC estate.

Similarly irrelevant is the fact that Plaintiff has alleged that the actions of certain Defendants led to the filing of the bankruptcy petition against JetNetwork LLC.  (*See* Def.'s Resp. 2.)  Any ruling by this Court on the issue of Defendants' responsibility for the bankruptcy of JetNetwork LLC will not alter JetNetwork LLC's "rights, liabilities, options, or freedom of action," nor will it "impact[] upon the handling and administration of" the JetNetwork LLC estate.  *See In re Toledo*, 170 F.3d at 1345.  Additionally, Plaintiff's status as a defendant in an action brought by the trustee of the JetNetwork LLC estate has no bearing on this case.[3]  (*See* Def.'s Resp. 2.)  Accordingly, this Court concludes that it lacks jurisdiction over this matter.  It is hereby

ORDERED and ADJUDGED that Plaintiff's Motion (D.E. 5) is GRANTED.  This matter is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade

---

removed case created only contingent claims against the debtor, *see, e.g., In re United Container LLC*, 284 B.R. 162, 170-71 (Bankr. S.D. Fla. 2002), the Court does not believe that this case presents an analogous situation.  Even were this Court to grant Defendant Merrill's motion to dismiss, such ruling would not create contingent causes of action in favor of JetNetwork LLC; such claims, if any exist, could be asserted on behalf of JetNetwork LLC at any time and are not contingent upon any ruling from this Court.

[3]  While such other case may be "related to" the JetNetwork LLC bankruptcy, its existence does not demonstrate that this case is "related to" the JetNetwork LLC bankruptcy.

County, Florida.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of September, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record